UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| COLLEEN KOEHLER, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | Case No. 4:16 CV 1432 CDP |
| MARK KIRKORSKY, | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

Plaintiff Colleen Koehler filed this suit under the Fair Debt Collection Practices Act, 15 U.S.C. § 1592 *et seq*., on September 8, 2016, seeking statutory damages against defendant attorney Mark Kirkorsky. On October 4, 2016, Kirkorsky filed a motion to dismiss for lack of jurisdiction and failure to state a claim. Koehler requested, and was granted, additional time to respond to the motion to dismiss, but no response has been filed. However, Koehler did file a 'Notice of Voluntary Dismissal' on October 24, 2016, seeking voluntary dismissal without prejudice of this suit.

In an order issued October 31, 2016, I noted that Kirkorsky's motion to dismiss alternatively seeks summary judgment relief so under Federal Rule of Civil Procedure 41(a), dismissal without prejudice requires a stipulation of the parties or Court Order. Because Koehler's dismissal was not signed by Kirkorsky, I

construed it as a motion seeking voluntary dismissal without prejudice, and I granted Kirkorsky time to respond. Kirkorsky requests the court strike Koehler's request for dismissal without prejudice, grant his motion to dismiss, and dismiss this case with prejudice.

Federal Rule of Civil Procedure 12(b)(1) provides that a party may move to dismiss an action based on lack of subject matter jurisdiction. Dismissal under Rule 12(b)(1) is appropriate when subject matter jurisdiction is successfully challenged on the face of the complaint or on the facts. *Titus v. Sullivan*, 4 F.3d 590, 593 (8th Cir. 1993). The burden of proving that subject matter jurisdiction exists rests with the party asserting it. *Great Rivers Habitat All. v. Fed. Emergency Mgmt. Agency*, 615 F.3d 985, 988 (8th Cir. 2010); *Altimore v. Mount Mercy Coll.*, 420 F.3d 763, 768 (8th Cir. 2005). A case must be dismissed if, at any time, it appears that the district court lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3).

Kirkorsky argues that this Court lacks subject-matter jurisdiction because the debt referenced in this case is commercial debt and not within the coverage of the Fair Debt Collection Practices Act, which only involves consumer debt. See *Heintz v. Jenkins*, 514 U.S. 291, 293 (1995) (The Fair Debt Collections Practice Act "limits 'debt' to consumer debt, *i.e.*, debts 'arising out of … transaction[s]' that 'are primarily for personal, family, or household purposes.' " (*citing* 15 U.S.C.

§ 1592a(5))). Koehler's complaint states jurisdiction is based on the Fair Debt Collection Practices Act and that the alleged debt at issue owed by Koehler "arises, at least in part, out of consumer, family, and household transactions." (ECF No. 1)

I must decide whether this court has jurisdiction over this case before ruling any other pending motions. Koehler has not responded to Kirkorsky's motion for dismissal based on lack of subject matter jurisdiction, and the burden for proving jurisdiction rests with her.

Accordingly,

**IT IS HEREBY ORDERED** that as plaintiff has failed to respond to the motion to dismiss of defendant Mark Kirkorsky (ECF No. 5), and the time for doing so has expired, plaintiff must show cause why the motion to dismiss should not be granted by **November 28, 2016**. Failure to respond will result in dismissal of this case with prejudice.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 22nd day of November, 2016.